IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 21 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03151-BNB

DARIAN L. HUNTER,

    Plaintiff,

v.

UNKNOWN NAMED U.S. MARSHAL 1,
UNKNOWN NAMED U.S. MARSHAL 2,
UNITED STATES MARSHAL'S SERVICE,
CLEAR CREEK COUNTY SHERIFF'S DEPT.,
TELLER COUNTY SHERIFF'S DEPARTMENT,
FEDERAL BUREAU OF PRISONS, and
J. WANDS, FCI Florence Warden,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Darian L. Hunter, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado. Mr. Hunter initiated this action by filing *pro se* a "Prisoner's Suit and Action Pursuant to Title 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics," an "Affidavit in Support of Leave to Proceed In Forma Pauperis Pursuant to Title 28 U.S.C. § 1915(a)(l)(2)," and a motion titled "Ex Parte Injunction." On January 6, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Hunter to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland ordered Mr. Hunter to file on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 and to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint in support of the *in forma pauperis* motion. Mr. Hunter was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On February 10, 2011, Magistrate Judge Boland entered a minute order granting Mr. Hunter an extension of time to cure the deficiencies.

Also on February 10, 2011, Mr. Hunter filed on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On March 11, 2011, he filed on the proper form a Prisoner Complaint. However, Mr. Hunter has failed to cure all of the deficiencies because the account statement submitted in support of the *in forma pauperis* motion filed on February 10 does not satisfy the requirements of § 1915(a)(2), which requires an inmate seeking leave to proceed *in forma pauperis* to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." The account statement Mr. Hunter submitted does not cover the entire six-month period and is not certified by a prison official. Therefore, the action will be dismissed without prejudice for failure to cure all of the deficiencies. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to cure all of the deficiencies as directed. It is

FURTHER ORDERED that the motion titled "Ex Parte Injunction" (Doc. #3) and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #7) are denied as moot.

DATED at Denver, Colorado, this 21st day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03151-BNB

Darian L Hunter
Reg. No. 28270-013
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 21, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk